IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

QIU GUO DONG,

     Petitioner,

v.

MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security; TODD BLANCHE, Acting U.S. Attorney General; WARDEN, Torrance County Detention Center; DAVID VENTURELLA, Acting Director of Immigration and Customs Enforcement; and MARY DE ANDA-YBARRA, Field Office Director of Enforcement and Removal Operations, El Paso Field Office, Immigration and Customs Enforcement,

     Respondents.

Case No. 1:26-cv-01818-MIS-LF

**ORDER TO SHOW CAUSE AND ENJOINING TRANSFER**

This matter is before the Court on the Verified Petition for Writ of Habeas ("Petition"), filed by Qiu Guo Dong on June 5, 2026. ECF No. 3. Petitioner is an immigration detainee at the Torrance County Detention Center. Id. ¶ 4. Petitioner is a citizen of China who entered the United States in December 2013 on a B-2 visa which has since expired. Id. ¶ 19. Petitioner filed an asylum application in 2013 which was denied in 2020. See id. ¶¶ 20, 21. Petitioner appealed and does not know the status of the appeal—although Petitioner's counsel was unable to find a record of pending appeal. Id. ¶¶ 21, 21 n.2. Petitioner was detained by ICE on December 28, 2025, and has remained in custody since his detention. Id. ¶ 23. Petitioner appears to be under a final order of removal. Id. ¶ 40 ("Petitioner has been detained for over 158 days. The government has thus failed to remove Petitioner during the statutory and regulatory 90-day period.") (citing 8 U.S.C. § 1231(a)(l); 8 C.F.R. § 241.4(g)(1)(ii)).

Petitioner requested a bond hearing before an immigration judge and the "immigration judge denied the request, finding that Petitioner is a flight risk." Id. ¶ 24. "The immigration judge did not issue a bond memorandum, or issue any document with the reasoning for the decision." Id. Petitioner appealed the bond denial on May 4, 2026, and his appeal remains pending. Id.

Petitioner challenges the constitutionality of his bond hearing, id. ¶¶ 57-69, and the finding that he is a flight risk, id. at 9. Petitioner argues for alternative supervision if he is a flight risk. Id. at 10. Finally, Petitioner challenges the length of his detention on due process grounds. Id. ¶¶ 39-56. Petitioner requests release. Id. at 22.

Having reviewed the record, the Petition may raise a colorable claim for relief. The Clerk's Office served Respondents with the Petition and added them as notice-recipients via CM/ECF, pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 2 (D.N.M. Jan. 28, 2026). ECF Nos. 5, 6.

Within ten (10) business days of entry of this Order, the United States Attorney's Office ("USAO") shall respond to the Petition and show cause why the requested relief should not be granted. The USAO's answer MUST specify whether the Court has already ruled on the legal issue(s) in this case and, if so, whether the facts are distinguishable from prior rulings. See, e.g., Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026) (finding that 8 U.S.C. § 1226(a) governed the petitioner's detention and that his continued detention violated his Fifth Amendment due process rights). **If the federal Respondents fail to timely comply with this Order, the Court may grant the relief requested in the Petition without further notice.**

If Petitioner wishes to file a reply brief, he may do so within **ten (10) days** after Respondents' response is filed.

**IT IS FURTHER ORDERED** that to preserve the status quo in the interim, Respondents are **ENJOINED** from transferring Petitioner to any facility outside the District of New Mexico and/or from removing him from the United States during the pendency of this habeas action, absent a final order of removal.

_Margaret Strickland_

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE