**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

QIU GUO DONG,

     Petitioner,

v.

                                     Case No. 1:26-cv-01818-MIS-LF

MARKWAYNE MULLIN, Secretary of the
U.S. Department of Homeland Security;
TODD BLANCHE, Acting U.S. Attorney
General; WARDEN, Torrance County
Detention Center; DAVID VENTURELLA,
Acting Director of Immigration and Customs
Enforcement; and MARY DE ANDA-
YBARRA, Field Office Director of
Enforcement and Removal Operations, El
Paso Field Office, Immigration and Customs
Enforcement,

     Respondents.

## <u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>

     **THIS MATTER** is before the Court on Petitioner Qiu Guo Dong's Petition for Writ of

Habeas Corpus, ECF No. 1, filed June 5, 2026. Respondents Markwayne Mullin, Todd Blanche,

David Venturella, and Mary De Anda-Ybarra ("Federal Respondents"),[1] filed a Response on June

18, 2026, ECF No. 11. Petitioner filed a Reply on June 29, 2026. ECF No. 12.

---

[1]     Respondent Warden, Torrance County Detention Center, did not file a response or otherwise appear in this case. It has become standard practice in these habeas cases for the warden of the relevant detention center to either appear and adopt the federal respondents' arguments, see, e.g., Intriago-Sedgwick v. Noem, Case No. 1:25-cv-01065-MIS-LF, Notice of Joinder In USA Respondents' Forthcoming Claims and Defenses, ECF No. 11 (D.N.M. Dec. 3, 2025), or not appear at all, see Francisco v. Dedos, Case No. 1:25-cv-01229-MIS-GJF, Proposed Findings and Recommended Disposition at 8, ECF No. 53 (D.N.M. Jan. 20, 2026).

Petitioner is a citizen of China who entered the United States in December 2013 on a B-2 visa which has since expired. Pet. ¶ 19, ECF No. 1. Petitioner was detained by ICE on December 28, 2025, and has remained in custody since his detention. Id. ¶ 23. Petitioner received a bond hearing on February 5, 2026, at which the Immigration Judge (IJ) denied bond because "Flight Risk." Order of the Immigration Judge at 1, ECF No. 11-2.

Petitioner argues he has been subject to prolonged detention in violation of his constitutional rights, Pet. ¶ 3, ECF No. 1, and his bond hearing was constitutionally deficient, id. at 16-19.

Respondents argue that the IJ made a discretionary bond denial decision and the Court lacks jurisdiction to review it per 8 U.S.C. § 1226(e), Resp. at 2-3, ECF No. 11, and Petitioner's detention during removal is constitutional, id. at 3-4.

Petitioner rejoins that the bond hearing was constitutionally inadequate due to the IJ's lack of explanation as to why Petitioner is a flight risk, Reply at 1-5, ECF No. 12, and that his detention is unconstitutionally prolonged because he has been held for more than six months and there is not a significant likelihood of removal in the reasonably foreseeable future, id. at 5-6.

While the Court does not have jurisdiction to review discretionary bond decisions under § 1226(e), the Court does have jurisdiction to review constitutional challenges to bond decisions, Grant-Davis v. Anda-Ybarra, No. 2:26-CV-00054-MIS-LF, 2026 WL 823095, at *3 (D.N.M. Mar. 23, 2026). The Court finds the IJ's explanation deficient. The Court cannot determine what the IJ meant by "Flight Risk," let alone whether the bond hearing was constitutionally adequate. See Order of the Immigration Judge at 1, ECF No. 11-2. Although the onus is on the noncitizen to show they are not a flight risk or danger to the community, In Re Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006) ("The burden is on the alien to show to the satisfaction of the Immigration Judge that

he or she merits release on bond."), an IJ "must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk," by looking "to a number of factors in determining whether an alien merits release from bond, as well as the amount of bond that is appropriate," id. At the very least, the IJ must find that the petitioner failed to establish he is not a flight risk. Nayi v. Warden, Cibola Cnty. Corr. Ctr., No. 1:26-CV-01469-MIS-GJF, 2026 WL 1430871, at *2 (D.N.M. May 21, 2026), reconsideration denied, No. 1:26-CV-01469-MIS-GJF, 2026 WL 1506711 (D.N.M. May 29, 2026) ("Petitioner acknowledges that on April 10, 2026, an Immigration Judge issued an Order finding that it lacked jurisdiction to grant bond and, in the alternative, that Petitioner failed to establish he is not a flight risk."). Here there is no indication the IJ made any such consideration or finding. See Order of the Immigration Judge at 1, ECF No. 11-2.

Even if the IJ's bond denial was adequate, Petitioner has been held in prolonged detention in violation of his constitutional rights. "After [a] 6–month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Mardanpour, 2026 WL 963164, at *6 (citing Zadvydas v. Davis, 533 U.S. 678, 701 (2001)). This Court has granted release to petitioners held under 8 U.S.C. 1226(c) and 8 U.S.C. § 1225 for more than six months where there was no significant likelihood of removal in the reasonably foreseeable future. Deborne v. Warden, Cibola Cnty. Corr. Ctr., No. 1:26-CV-01657-MIS-KRS, 2026 WL 1694566, at *3 (D.N.M. June 11, 2026); Mardanpour v. Warden, No. 2:26-CV-00550-MIS-LF, 2026 WL 963164, at *8 (D.N.M. Apr. 9, 2026).

Petitioner was issued an order of removal in October 22, 2020, has been appealing that order since May 12, 2022, and has been in detention for over six months. Resp. at 1-2, 2 n.2, ECF

3

No. 11. Respondents have been unable to remove Petitioner to China and unable to find a viable third country to which to remove him. Pet. ¶ 42, ECF No. 1. Petitioner argues this shows his removal is not significantly likely in the reasonably foreseeable future. Id. ¶¶ 42-45; Reply at 6, ECF No. 12. The Government provides no evidence sufficient to rebut Petitioner's showing but only argues that Petitioner is subject to detention pending removal. Resp. at 3-4, ECF No. 11. As the Petitioner has been appealing his order of removal for over four years and Respondents have not shown Petitioner is likely to be removed to China or a third country, the Court does not believe there is a significant likelihood of removal in the reasonably foreseeable future. The Court therefore finds Petitioner's detention is unreasonably prolonged in violation of his constitutional rights. Mardanpour, 2026 WL 963164, at *2-8 (D.N.M. Apr. 9, 2026).

Accordingly, it is **HEREBY ORDERED** that:

1. Petitioner Qiu Guo Dong Petersen's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 1, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner from detention, subject to reasonable conditions of release, such as electronic monitoring and/or regular check-ins;

3. Respondents are **ENJOINED** from re-detaining Petitioner absent (1) evidence that Petitioner has committed a crime or absconded in his administrative immigration proceedings, or (2) a valid final order of removal and concrete travel plans to remove Petitioner from the United States;

4. Respondents **SHALL** file a Notice of Compliance with this Order; and

5.      The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE